UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Thompson, | ) C/A No. 9:11-2894-JFA-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | )   *partial summary dismissal* |
| Georgetown County Detention Center; | ) |
| Carroll Rodgers, Head Nurse; Jamie Poinsett, | ) |
| Sargent Georgetown County Detention Center, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff, Michael A. Thompson ("Plaintiff"), is a local prisoner in the Georgetown County Detention Center in Georgetown, South Carolina. Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking payment for his medical bills and $25,000.00 in damages for pain and suffering from Defendants, the Georgetown County Detention Center ("GCDC"); Carroll Rodgers, who is alleged to be GCDC's Head Nurse; and Jamie Poinsett, who is alleged to be a Sergeant at GCDC. Plaintiff's Complaint, liberally construed, alleges that the Defendants were deliberately indifferent to Plaintiff's serious medical needs.

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1



Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, this Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). This mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff alleges that on June 17, 2011, he broke his left hand and that "it took Ms. Carroll Rodgers four days to even get me to a hospital, starting on 6-21-11 to 6-25-11." ECF No. 1, p. 3. Plaintiff alleges that when he was being examined by the doctor on duty at the hospital, the doctor "ask[ed] the sargent (sic) why it took so long [and] Sargent (sic) Poinsett had no explanation." *Id*. Plaintiff alleges that the doctor at the hospital set an appointment for Plaintiff to see a "bone specialist," and that the specialist, Dr. Triana, performed surgery on Plaintiff's hand on July 1, 2011,



inserting two pins which were to remain in place for up to six weeks. Plaintiff alleges that Dr. Triana also "prescribed pain mediation, Vicodin ES, every four to six hours" for Plaintiff, for six weeks, until the pins were removed by an associate of Dr. Triana's, on August 19, 2011. However, Plaintiff alleges that "head nurse Carroll Rodgers only gave [Plaintiff] two pills a day" and Plaintiff "was in extreem (sic) pain and agony those whole six weeks." ECF No. 1, p. 3-4. Plaintiff further alleges that, after the pins were removed, "Dr. Triana scheduled [Plaintiff] an appointment for physical therapy for the next four weeks[,] three times a day." ECF No. 1, p. 4. Plaintiff alleges that he was supposed to start therapy on August 22, 2011, but on August 25, 2011, "Ms. Carroll Rodgers told [Plaintiff] that the only way that [Plaintiff] could go [wa]s if [Plaintiff] had the money to pay for the treatment." *Id*. Plaintiff alleges that "[Plaintiff's] Constitutional Rights are being violated" and "because of this [Plaintiff's] left hand will never be the same." *Id.*

As noted above, a claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Plaintiff's Complaint, insofar as it names "Georgetown County Detention Center " as a Defendant in this case, does not name a "person" subject to a § 1983 claim. Inanimate objects such as buildings, facilities, and grounds are not



"persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, the Georgetown County Detention Center is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court. Accordingly, the Georgetown County Detention Center should be dismissed as a defendant and terminated on the docket.

### RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the Defendant Georgetown County Detention Center as a party Defendant, *without prejudice* and without issuance and service of process. The Complaint should be served on the remaining Defendants Rodgers and Poinsett.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 6, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

