UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Thompson, | ) C/A No. 9:11-2894-JFA-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) *Dismissal of Amended Complaint* |
| Carroll Rodgers, Head Nurse; Jamie Poinsette, Sargent Georgetown County Detention Center; Southern Health Partners, | ) |
| Defendants. | ) |

Plaintiff, Michael A. Thompson ("Plaintiff"), was a local prisoner in the Georgetown County Detention Center in Georgetown, South Carolina, when he filed the original Complaint (ECF No. 1) in this case, on October 25, 2011. Plaintiff, who is proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983,[1] seeking payment for his medical bills and $25,000.00 in damages for pain and suffering from Defendants, the Georgetown County Detention Center ("GCDC"); Carroll Rodgers, who is alleged to be GCDC's Head Nurse; and Jamie Poinsett, who is alleged to be a

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



1

Sergeant at GCDC.[2] Plaintiff's original Complaint, liberally construed, alleged that the Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Following an initial review of the Complaint, the undersigned issued an Order (ECF No. 8), on December 6, 2011, authorizing partial service of process only upon Defendants Rogers and Poinsette. On that same date, the undersigned issued a Report and Recommendation (ECF No. 10), recommending dismissal of the Georgetown County Detention Center as a party Defendant, without prejudice and without issuance and service of process, because the Georgetown County Detention Center is not a "person acting under color of state law" within the meaning of § 1983, and is not amenable to a § 1983 claim. Plaintiff did not file any objections to the Report and Recommendation, and on January 12, 2012, the Honorable Joseph F. Anderson, Jr. United States District Court Judge, issued an Order (ECF No. 32), adopting the Report and Recommendation and summarily dismissing Defendant Georgetown County Detention Center from this case.

On December 28, 2011, prior to the Court's dismissal of Defendant Georgetown County Detention Center, Plaintiff filed an Amended Complaint (ECF No. 15), adding Southern Health Partners as a party Defendant in this case. Plaintiff's Amended Complaint notified the Court that "[Plaintiff's] address is fixing to change because on January the 16th 2012 [Plaintiff is] getting out of jail," and alleged that Defendant Southern Health Partners "is who defendant Carroll Rodgers works for." *See* ECF No. 15, p. 1. Plaintiff also submitted an improper, partially completed proposed Form USM-285 for Defendant Southern Health Partners, and did not submit a proposed summons for this new Defendant, or proposed service documents for service of the Amended

---

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



2

Complaint upon the other Defendants in the case. Because Plaintiff's Amended Complaint was not in proper form, the undersigned issued an Order (ECF No. 22), on January 3, 2012, directing Plaintiff to submit the documents necessary to bring Plaintiff's Amended Complaint into proper form for service, not later than January 27, 2012. Plaintiff was warned that, if he did not bring the Amended Complaint into proper form within the time permitted by the Order, the Amended Complaint may be dismissed for failure to prosecute and failure to comply with an order of this Court, under Rule 41 of the Federal Rules of Civil Procedure. *Id.* The Order was mailed to Plaintiff at the address Plaintiff provided to the Court in Plaintiff's Amended Complaint. Plaintiff failed to respond to the Order and the time for responding lapsed on January 27, 2012. The mail in which the Order was sent to Plaintiff was not returned to the Court. However, on January 23, 2012, Plaintiff submitted a notice of change of address to the Court (ECF No. 36).

On February 1, 2012, the undersigned issued a second Order (ECF No. 39), giving Plaintiff a final opportunity to bring his Amended Complaint into proper form by submitting the necessary documents, not later than February 27, 2012. That Order specifically warned Plaintiff that if he failed to fully comply with the directions of the Order to bring his Amended Complaint into proper form, the undersigned would recommend that Plaintiff's Amended Complaint be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See* ECF No. 39, p. 1-2. The Order of February 1, 2012 was mailed to Plaintiff at the address Plaintiff provided to the Court in Plaintiff's Amended Complaint and in his notice of change of address (ECF No. 36), which is 83 Hope Lane, Georgetown, South Carolina 29440. Plaintiff failed to respond to the Order and the time for responding lapsed on February 27, 2012. The mail in which the Order was sent to Plaintiff has not been returned to the Court. Plaintiff's lack of response to the Order indicates an intent to



discontinue prosecuting this case and subjects Plaintiff's Amended Complaint to dismissal, under Fed. R. Civ. P. 41(b).

## RECOMMENDATION

Because Plaintiff has failed to comply with this Court's Orders of January 3, 2012 (ECF No. 22) and February 1, 2012 (ECF No. 39), and has failed to bring his Amended Complaint (ECF No. 15) into proper form for service, the undersigned recommends that Plaintiff's Amended Complaint be dismissed, without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure, and that Defendant Southern Health Partners be dismissed, without prejudice, as a party Defendant in this case. *See Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

March 12, 2012
Charleston, South Carolina

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

