IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Thompson, | ) CIVIL ACTION NO. 9:11-2894-JFA-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Carroll Rodgers, Head Nurse; and Jamie Poinsette, Sargent Georgetown County Detention Center, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Georgetown County Detention Center,[1] alleges violations of his constitutional rights by the named Defendants.[2]

The Defendant Carroll Rodgers filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on February 8, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 9, 2012, advising Plaintiff of the importance of a motion for

---

[1] Plaintiff is no longer housed at the Detention Center. See Court Docket No. 36 [Change of Address Notice].

[2] Plaintiff originally also named the Georgetown County Detention Center as a party Defendant; however, the Detention Center was dismissed as a party Defendant by order filed January 12, 2012. Plaintiff also attempted to subsequently bring in a new party Defendant, Southern Health Partners, by filing an amended complaint. Plaintiff failed to bring that Amended Complaint into proper form, and a Report and Recommendation was issued on March 12, 2012 recommending that the Amended Complaint naming Southern Health Partners as a party Defendant be dismissed without prejudice. That Report and Recommendation is still pending.



- 1 -

summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. However, notwithstanding this specific warning and instructions as set forth in the Court's Roseboro Order, Plaintiff failed to file any response to the Defendant Rodgers' motion for summary judgment. In fact, other than change of address notices, Plaintiff has not had any contact with the Court since the filing of his proposed Amended Complaint adding Southern Health Partners as a Defendant on December 28, 2011.[3]

The Defendant Rodgers' motion for summary judgment is now before the Court for disposition.[4]

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d

---

[3] In addition to not responding to the pending motion for summary judgment, Plaintiff also failed to respond to the proper form order relating to his Amended Complaint issued January 3, 2012, resulting in the Report and Recommendation of March 12, 2012.

[4] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant Rodgers has filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.



872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, based on the affidavits and other exhibits provided to the Court, and in the absence of any argument from the Plaintiff as to why summary judgment should not be granted in this case, the undersigned finds and concludes that summary judgment is appropriate, and that this case should be dismissed.

Plaintiff alleges in his Verified Complaint[5] that on June 17, 2011 he broke his left hand while an inmate at the Georgetown County Detention Center. Plaintiff alleges that it took the Defendant Rodgers "four days to even get me to a hospital . . . .". Rodgers is alleged to be the head nurse at the Detention Center. Plaintiff further alleges that when he asked the Defendant Jamie Poinsett (a Sergeant at the Detention Center) why it was taking so long, Poinsette "had no explanation".

Plaintiff alleges that once he went to the hospital, the doctor set up an appointment for him to see a bone specialist, and that on July 1, 2011, he underwent surgery. Plaintiff alleges he had two pins put into his hand, and that he was told by the physician it would take up to six weeks

---

[5] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to file any response in opposition to the Defendant's motion, the undersigned has considered the factual allegations of the Complaint in making a recommendation in this case.



before the pins could come out. Plaintiff alleges that he was prescribed pain medication for that six week period, and that the pins were then taken out six weeks later, on August 19, 2011. However, Plaintiff alleges that, during that six week period, he should have received Vicodin for pain every four to six hours, but that Rodgers only gave him two pills a day, resulting in him being in "extreme pain and agony those whole six weeks." Plaintiff further alleges that following the pins being taken out of his hand, he was supposed to go to physical therapy three times a day for four weeks, but complains that Rodgers required him to pay for this treatment. Plaintiff seeks monetary damages, to include payment of all of his medical bills. <u>See</u> <u>generally</u>, <u>Plaintiff's Verified Complaint</u>.

Although Plaintiff is no longer confined at the Georgetown County Detention Center, his claim for monetary damages survives his release from the Detention Center. <u>See</u> <u>Mawhinney v. Henderson</u>, 542 F.2d 1, 3 (2d cir. 1976). Further, the Defendant is subject to suit for damages in her individual capacity in a § 1983 lawsuit; <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Hafer v. Melo</u>, 112 S.Ct. 358, 365 (1991); <u>Goodmon v. Rockefeller</u>, 947 F.2d 1186, 1187 (4th Cir. 1991); and liberally construed, Plaintiff is seeking damages against the Defendant in her individual capacity. However, for the reasons set forth hereinbelow, the undersigned does not find that the evidence is sufficient to create a genuine issue of fact as to whether the Defendant violated Plaintiff's constitutional rights.

The Eighth Amendment is used to evaluate conditions of confinement for those convicted of crimes. However, since Plaintiff was a pre-trial detainee during the time period set forth in the complaint, his claims are evaluated under the due process clause of the Fourteenth Amendment; <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); although for purposes of consideration of Plaintiff's claim, the standard of whether Plaintiff received constitutionally adequate medical care



is essentially the same. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]. Under this standard, in order to survive summary judgment and proceed with his claim for denial of adequate medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). The evidence before the Court, including Plaintiff's own verified statement of the facts, fails to create an issue of fact as to whether either of the two named Defendants was deliberately indifferent to Plaintiff's serious medical needs.

First, although the motion before the Court has only been filed by the Defendant Rodgers, the undersigned is constrained to note that Plaintiff has made no allegations that the Defendant Poinsette was involved in his medical care, or made any decisions about what type of care and treatment Plaintiff was to receive. Rather, his only allegation concerning Poinsette is that he asked Poinsette why it was taking Rodgers so long to get him to a hospital, and that Poinsette had no explanation. This allegation, even assumed to be true for purposes of summary judgment, is not sufficient to set forth a constitutional medical claim against Poinsette. Cf. Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995) [officials entitled to rely on judgment of medical personnel]; Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990) [officials entitled to rely on expertise of medical personnel]; see also Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511



U.S. at 837.

With respect to the Defendant Rodgers, there is no evidence before the Court to show that this Defendant violated Plaintiff's constitutional rights. Rodgers has provided an affidavit wherein she attests that she is the medical team administrator at the Georgetown County Detention Center, that she has also been a nursing manager at the Detention Center, and that as such she is familiar with Plaintiff's medical records, a true and correct copy of which are attached to her affidavit. Rodgers attests that on or about June 17, 2011 Plaintiff broke his hand by slamming it against a steel cell door. Rodgers attests that Plaintiff was thereafter not only seen by her, but that he was also seen by two other LPNs, Sherry Anderson and Rhonda Nichols. Rodgers further attests that Plaintiff was seen by an orthopedic surgeon on July 1, 2011, who performed surgery on his left hand, following which the surgeon prescribed Vicodin for pain which was administered to the Plaintiff as per the medication administration record. Rodgers attests that the "medical record is replete with many orders from the treating physician in regard to Plaintiff's injury", and that the County also paid for one visit to physical therapy. Rodgers attests that while Plaintiff would have had to pay for any additional visits, because he declined to do so he was given home exercises to strengthen his hand. Rodgers attests that Plaintiff was also given a brace to wear, which he would take off from time to time in violation of the doctor's orders. Finally, Rodgers attests that any unpaid medical bills are the responsibility of the Plaintiff, who deliberately self inflicted the injury of which he now complains. <u>See</u> <u>generally</u>, Rodgers' Affidavit.

A review of the medical records attached to Rodgers' affidavit shows that Plaintiff was seen in the medical office on June 17, 2011, but apparently before he injured his hand, because the entry relates to "psych. meds". Thereafter, on June 18, 2011, Plaintiff was seen by medical for



a "carpal injury" from Plaintiff "hitting the door". Plaintiff was quoted as saying that he "hit the door because I was upset". This entry reflects that Plaintiff's ring finger and knuckle were swollen, although he could move his wrist and arm as well as his ring finger and pinky finger "very little". Ice was applied, and it was noted that a physician was "called to order [unintelligible]". Plaintiff's hand was thereafter x-rayed on June 20, 2011, and on June 21, 2011 Plaintiff was sent to the emergency room for an evaluation of his hand. It was noted that Plaintiff returned from the ER wearing a splint. Plaintiff's medical records thereafter reflect that he periodically complained of pain and requested stronger pain meds, that various pain medication was ordered, and that Plaintiff was also seen by a physician. These medical records further reflect that Plaintiff was sent to the hospital for outpatient surgery on July 1, 2011, following which he was returned to the jail. Plaintiff had follow up appointments on July 5, July 8, and July 14. On July 18, 2011 Plaintiff was seen complaining that the pins in his hand were "just beneath [the] skin and top of hand", and it was noted that the area was padded for comfort.

Additional records also reflect visits by Plaintiff to medical for other purposes during this time period, such as for dental appointments and requesting a "veggie diet", as well as that when Plaintiff returned from physical therapy on September 15, 2011 he had a list of hand exercises that he was supposed to do. Plaintiff's medical records also include copies of various physician orders and prescribed medications covering the applicable time period. See generally, Exhibit A to Rodgers' Affidavit. As previously noted, in addition to this medical evidence, Plaintiff concedes in his own verified Complaint that he was seen on numerous occasions by medical personnel and was provided treatment.

In sum, while Plaintiff complains about the treatment he received, including that he



should have been provided with more pain medication than he was given and that he also should have been provided more physical therapy at County expense, he has submitted no evidence to show that Rodgers was deliberately indifferent to his medical condition by providing the care and treatment shown in the evidence. Rather, Plaintiff's complaint is that medical personnel refused to provide him with the care and treatment he personally desired. Such allegations are not sufficient to allow this lawsuit to proceed as a claimed constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]. Plaintiff's personal opinion notwithstanding, nothing in the evidence and exhibits before the Court gives rise to a genuine issue of fact as to whether Rodgers, Poinsette, or anyone else was deliberately indifferent to Plaintiff's serious medical needs. See Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]).

While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate medical care or attention, otherwise provide no supporting evidence other than his own subjective opinion, and expect to survive summary judgment, particularly when the Defendant has submitted documents and evidence from a medical professional which refute his claims. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court



is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Levy, No. 96-4705, 1997 WL 112833 ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"].

Plaintiff may, of course, pursue a claim in state court if he believes it was malpractice for the Detention Center not have provided him with a different regimen of pain medication or to have scheduled his medical appointments earlier or at a different times or to have paid for additional sessions of physical therapy. However, that is not the issue before this Court. Estelle v. Gamble, 429 U.S. 97, 106 (1976)["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]. The evidence before the Court is insufficient to raise a genuine issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs, the standard for a constitutional claim, and Plaintiff's federal § 1983 medical claim should therefore be dismissed. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal]; Shakka, 71 F.3d at 167 [officials entitled to rely on judgment of medical personnel]; Miltier, 896 F.2d at 854 [officials entitled to rely on expertise of medical personnel].



**Conclusion**

Based on the foregoing, it is recommended that the Defendant Rodgers' motion for summary judgment be **granted**. Further, as there is no evidence before the Court, or even any competent allegation by the Plaintiff, to show any liability of the Defendant Poinsette for a medical claim, it is further recommended that this case be **dismissed** in toto.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 26, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

